David A. Ward
**KLUGER HEALEY, LLC**
788 Shrewsbury Ave., Suite 2182
Tinton Falls, NJ  07724
P: (732) 852-7500
F: (888) 635-1653

Brian G. Bodine (Pro Hac Vice)
Adriane Scola (Pro Hac Vice)
**LANE POWELL, PC**
1420 Fifth Avenue, Suite 4200
Seattle, WA  98101
Telephone:  (206) 223-7000
*Attorneys for Defendants*
*Accretive Technology Group, Inc.,*
*ICF Technology, Inc., and Riser Apps LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WAG ACQUISITION, LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**FLYING CROCODILE, INC.**, d/b/a FCI, Inc., **FCI, INC.**, f/k/a/ Flying Crocodile, Inc., **ACCRETIVE TECHNOLOGY GROUP, INC.**, d/b/a Accretive Networks, **ICF TECHNOLOGY, INC., RISER APPS LLC, STREAMATES LIMITED, STREAMATES LIMITED DB ,** d/b/a Streamates Ltd., LLC,<br>          Defendants. | **Civil Action No.**<br><br>**14-cv-02674-ES-MAH**<br><br>ANSWER OF ACCRETIVE TECHNOLOGY GROUP, INC., IFC TECHNOLOGY, INC. AND RISER APPS LLC TO PLAINTIFF'S FIRST AMENDED COMPLAINT |

## <u>ANSWER</u>

Defendants Accretive Technology Group, Inc., ICF Technology, Inc., and Riser Apps LLC (collectively "the Answering Defendants"), by and through their counsel, answer Plaintiff's First Amended Complaint ("FAC") as follow:

The Answering Defendants deny all allegations of the FAC not expressly admitted herein. The Answering Defendants do not speak for—and do not purport to speak for—any unnamed or "DOE" defendants mentioned or alluded to in the FAC.

With respect to the unnumbered introductory paragraph of the FAC, the Answering Defendants state as follows. The Answering Defendants admit that Plaintiff has alleged infringement of four patents in this action. The Answering Defendants admit that ICF Technology, Inc. provides streaming media over the internet. The Answering Defendants admit that ICF operates without license from Plaintiff, but deny that any such authorization or license is required. The Answering Defendants deny infringing any valid claims of the patents-in-suit. The Answering Defendants admit that Plaintiff seeks compensation, but deny that any such compensation is either appropriate or due. The Answering Defendants deny all remaining allegations of the unnumbered introductory paragraph of the FAC.

## THE PARTIES

1. The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the FAC and on that basis deny them.

2. Responding to paragraph 2 of the FAC, the Answering Defendants admit that Flying Crocodile, Inc. was formed in 1997 and changed its name to Accretive Technology Group, Inc. in 2001. The Answering Defendants state that no business is currently conducted under the corporate name of Flying Crocodile, Inc. The Answering Defendants deny the remaining allegations contained in paragraph 2 of the FAC.

3. Responding to paragraph 3 of the FAC, the Answering Defendants admit that FCI, Inc. was a Washington corporation that had an office at 2019 Third Avenue, Seattle, Washington. The Answering Defendants state that some of the assets of FCI, Inc. were transferred to ICF Technology, Inc. The Answering Defendants state that FCI, Inc. no longer exists. The Answering Defendants deny the remaining allegations contained in paragraph 3 of the FAC.

4. Responding to paragraph 4 of the FAC, the Answering Defendants admit that ICF Technology, Inc. ("ICF") is a Washington corporation having an office at 800 Stewart Street, Seattle, Washington. The Answering Defendants state that ICF does business as Streamate. The Answering Defendants deny the remaining allegations contained in paragraph 4 of the FAC.

5. Responding to paragraph 5 of the FAC, the Answering Defendants admit that Accretive Technology Group, Inc. ("ATG") is a Washington corporation having an office at 800 Stewart Street, Seattle, Washington. The Answering Defendants state that "Accretive Networks" is a present registered trade name of ATG. The Answering Defendants deny the remaining allegations contained in paragraph 5 of the FAC.

6. Responding to paragraph 6 of the FAC, the Answering Defendants admit that Riser Apps LLC is a Washington limited liability corporation having an office at 800 Stewart Street, Seattle, Washington. The Answering Defendants deny the remaining allegations contained in paragraph 6 of the FAC.

7. Responding to paragraph 7 of the FAC, the Answering Defendants admit that Streamates Limited was a corporation organized under the laws of Cypress, but state that Streamates Limited is no longer in existence. The Answering Defendants deny the remaining allegations asserted in paragraph 7 of the FAC.

8. Responding to paragraph 8 of the FAC, the Answering Defendants deny that a company called Streamates Limited d/b/a Streamates LLC ever existed. The Answering Defendants deny the remaining allegations contained in paragraph 8 of the FAC.

9. The Answering Defendants deny the allegations contained in paragraph 9 of the FAC.

## JURISDICTION AND VENUE

10. The Answering Defendants admit that Plaintiff has brought this action under the patent laws of the United States. The remaining allegations contained in paragraph 10 of the FAC are legal conclusions to which no response is necessary. To the extent that any of the remaining

allegations of paragraph 10 of the FAC are assertions of fact, the Answering Defendants deny them.

11.     The Answering Defendants admit that venue is proper in New Jersey but allege that venue is both proper and more appropriately situated in Washington.

### PLAINTIFF'S BUSINESS AND DEVELOPMENTS

12.     The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the FAC and on that basis deny them.

13.     The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the FAC and on that basis deny them.

14.     The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the FAC and on that basis deny them.

15.     The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the FAC and on that basis deny them.

16.     The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the FAC and on that basis deny them.

17.     The Answering Defendants admit that the United States Patent and Trademark Office ("USPTO") issued the patents that are at issue in this lawsuit.  The Answering Defendants further admit that records obtained from the USPTO purport to show assignments of patent applications related to the patents-in-suit. Except as specifically admitted, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the FAC and on that basis deny them.

18. The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the FAC and on that basis deny them.

### DEFENDANTS' BUSINESS ACTIVITIES

19. Responding to paragraph 19 of the FAC, the Answering Defendants state that ATG, ICF, and Riser Apps have offices in Seattle, Washington. The Answering Defendants further admit that ICF makes streaming media content available to willing purchasers/viewers. The Answering Defendants state that the streaming media made available by ICF includes live, paid performances by webcam models, who are not employees of ICF. The Answering Defendants state that ICF's streaming media content is accessible through multiple websites. Except as specifically admitted, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the FAC and on that basis deny them.

20. Responding to paragraph 20 of the FAC, the Answering Defendants state that ICF's streaming media is accessible through multiple websites. Except as specifically admitted, the Answering Defendants deny the remaining allegations contained in paragraph 20 of the FAC and on that basis deny them.

21. Responding to paragraph 21 of the FAC, the Answering Defendants admit that Defendant ATG employs over 150 employees in Seattle, Washington. The Answering Defendants also admit that each of them conducts business operations in Seattle. Except as specifically admitted, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the FAC and on that basis deny them.

22. Responding to paragraph 22 of the FAC, the Answering Defendants admit that ATG owns ICF and Riser Apps. With respect to allegations in paragraph 22 specific to FCI, ICF, Flying

Croc, Riser Apps, and ATG, the Answering Defendants incorporate the denials, admissions, and other statements found in paragraphs 2-6 of this Answer. Except as specifically admitted, the Answering Defendants deny the remaining allegations contained in paragraph 22 of the FAC.

23. Responding to paragraph 23 of the FAC, the Answering Defendants incorporate the denials, admissions, and other statements found in paragraph 2 of this Answer. The Answering Defendants are without knowledge or information to form a belief concerning the allegations relating to a statements purportedly made by a former employee of "Flying Croc" and therefore deny them. Except as specifically admitted, the Answering Defendants deny the remaining allegations contained in paragraph 23 of the FAC.

24. The Answering Defendants deny the allegations contained in paragraph 24 of the FAC.

25. Responding to paragraph 25 of the FAC, the Answering Defendants, Defendants state that, in 2013, ICF acquired some assets of FCI. Except as specifically admitted, the Answering Defendants deny the remaining allegations contained in paragraph 25 of the FAC

26. Responding to paragraph 26 of the FAC, the Answering Defendants admit that Riser Apps developed an iPhone application called the "B-Line Browser." The Answering Defendants state that the B-Line Browser can be used to view a variety of websites, including websites not associated with any of the websites operated by ICF. The Answering Defendants further admit that Riser Apps has the same address as ATG. Except as specifically admitted, the Answering Defendants deny the remaining allegations contained in paragraph 26 of the FAC.

27. Responding to paragraph 27 of the FAC, the Answering Defendants state that ICF is the registrant of the streamate.com Internet domain, and that several years ago Streamates Limited was a party to contracts with individuals to perform as models. Except as specifically admitted, the Answering Defendants deny the remaining allegations contained in paragraph 27 of the FAC.

28. The Answering Defendants deny the allegations contained in paragraph 28 of the FAC.

29. Responding to paragraph 29 of the FAC, ICF admits that ICF streams live performances over the Internet. ICF states that some free viewing is available, that services have varying pricing levels, that users can pay for services with credit cards, and that streaming media can be purchased and/or viewed in New Jersey. ICF also admits that ICF's activity results in net revenues. The Answering Defendants deny the remaining allegations contained in paragraph 29 of the FAC.

30. The Answering Defendants state that the allegations made in paragraph 30 of the FAC are so indefinite as to preclude the Answering Defendants from answering. Accordingly, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the FAC and on that basis deny them.

31. The Answering Defendants deny the allegations contained in paragraph 31 of the FAC.

32. The Answering Defendants deny the allegations contained in paragraph 32 of the FAC.

33. Defendants deny the allegations contained in paragraph 33 of the FAC.

34. Responding to paragraph 34 of the FAC, the Answering Defendants admit that they have not compensated Plaintiff but deny that any such compensation is due. The Answering Defendants deny the remaining allegations contained in paragraph 34 of the FAC.

35. The Answering Defendants deny the allegations contained in paragraph 35 of the FAC.

36. The Answering Defendants deny the allegations made in the first sentence of paragraph 36 of the FAC. The Answering Defendants admit that servers connected to the internet can be reached through an Internet Protocol or IP address. The Answering Defendants admit the allegations contained in the third sentence of paragraph 36 of the FAC. Except as specifically admitted, the Answering Defendants deny the remaining allegations found in paragraph 36 of the FAC.

37. Paragraph 37 contains WAG's characterization of IP addresses to which no response is required. To the extent any response is required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the FAC, and on that basis deny them.

38. Paragraph 38 contains WAG's characterization of IP addresses to which no response is required. To the extent any response is required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the FAC, and on that basis deny them.

39. Paragraph 39 contains WAG's characterization of IP addresses to which no response is required. To the extent any response is required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the FAC, and on that basis deny them.

40. Responding to paragraph 40 of the FAC, ICF states that the web site www.streamate.com serves content for ICF's domain streamate.com. ICF states that the domain streamate.com is held by ICF. The Answering Defendants state that the IP address associated with www.streamate.com is as listed in paragraph 40 and that the IP address is registered to Accretive Networks. Except as specifically admitted, the Answering Defendants deny the remaining allegations contained in paragraph 40 of the FAC.

41. The Answering Defendants deny the allegations made in the first and last sentences of paragraph 41 of the FAC. The Answering Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 41 of the FAC, and on that basis deny them.

42. The Answering Defendants deny the allegations contained in paragraph 42 of the FAC.

43. The Answering Defendants deny the allegations contained in paragraph 43 of the FAC.

44. The Answering Defendants deny the allegations contained in paragraph 44 of the FAC.

45. The Answering Defendants deny the allegations contained in paragraph 45 of the FAC.

### THE PATENTS-IN-SUIT

46. Responding to paragraph 46 of the FAC, the Answering Defendants admit that the listed patents were issued by the USPTO, but deny that the patents were "duly and legally" issued. Except as specifically admitted, the Answering Defendants deny the remaining allegations of paragraph 46 of the FAC.

47. The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the FAC and on that basis deny them.

48. Responding to paragraph 48 of the FAC, the Answering Defendants state that the claims of the patents-in-suit speak for themselves. Thus, no response is needed to the allegations contained in paragraph 48 of the FAC.

49. Responding to paragraph 49 of the FAC, the Answering Defendants state that they had no notice of the patents-in-suit until, at the earliest, in or about late-April 2014. The Answering Defendants deny the remaining allegations contained in paragraph 49 of the FAC.

50. Responding to paragraph 50 of the FAC, the Answering Defendants admit that ATG received a letter from Plaintiff dated April 25, 2014. The Answering Defendants deny the remaining allegations contained in paragraph 50 of the FAC.

51. Responding to paragraph 51 of the FAC, ICF and Riser Apps state that they received a copy of the complaint on or about May 2014. The Answering Defendants deny the remaining allegations contained in paragraph 51 of the FAC.

52. The Answering Defendants deny the allegations contained in paragraph 52 of the FAC.

53. Responding to paragraph 53 of the FAC, the Answering Defendants admit that Plaintiff purports to have pleaded a Notice Date, but deny that effective notice was given. The Answering Defendants deny the remaining allegations contained in paragraph 53 of the FAC.

### COUNT 1: DIRECT INFRINGEMENT OF THE '141 PATENT

54. Responding to paragraph 54 of the FAC, the Answering Defendants re-allege their admissions and denials of allegations to paragraphs 1-53 of the FAC as stated above.

55. Paragraph 55 of the FAC accurately quotes 35 U.S.C. § 271(a), the language of which speaks for itself. Thus, no response is required.

56. The Answering Defendants deny the allegations contained in paragraph 56 of the FAC.

57. The Answering Defendants deny the allegations contained in paragraph 57 of the FAC.

58. The Answering Defendants deny the allegations contained in paragraph 58 of the FAC.

59. The Answering Defendants deny the allegations contained in paragraph 59 of the FAC.

60. Responding to paragraph 60 of the FAC, the Answering Defendants state that the allegations in the first sentence are legal conclusions to which no response is needed. The Answering Defendants deny the remaining allegations contained in paragraph 60 of the FAC.

61. Responding to paragraph 61 of the FAC, the Answering Defendants state that the allegations in the first sentence are legal conclusions to which no response is needed. The Answering Defendants deny the remaining allegations contained in paragraph 61 of the FAC.

62. The Answering Defendants deny the allegations contained in paragraph 62 of the FAC.

63. The Answering Defendants deny the allegations contained in paragraph 63 of the FAC.

64. Responding to paragraph 64 of the FAC, the Answering Defendants state that the allegations in the first sentence are legal conclusions to which no response is needed. The Answering Defendants deny the remaining allegations contained in paragraph 64 of the FAC.

65. The Answering Defendants deny the allegations contained in paragraph 65 of the FAC.

66. The Answering Defendants deny the allegations contained in paragraph 66 of the FAC.

67. The Answering Defendants deny the allegations contained in paragraph 67 of the FAC.

68. The Answering Defendants deny the allegations contained in paragraph 68 of the FAC.

## COUNT II: INDUCED INFRINGEMENT OF THE '141 PATENT

69. Responding to paragraph 69 of the FAC, the Answering Defendants re-allege their admissions and denials of allegations to paragraphs 1-68 of the FAC as stated above.

70. Paragraph 70 of the FAC accurately quotes 35 U.S.C. § 271(a), the language of which speaks for itself. Thus, no response is required.

71. The Answering Defendants deny the allegations contained in paragraph 71 of the FAC.

72. The Answering Defendants deny the allegations contained in paragraph 72 of the FAC.

73. The Answering Defendants deny the allegations contained in paragraph 73 of the FAC.

74. The Answering Defendants deny the allegations contained in paragraph 74 of the FAC.

75. The Answering Defendants deny the allegations contained in paragraph 75 of the FAC.

76. Responding to paragraph 76 of the FAC, the Answering Defendants admit that the B-Line Browser is available through the Apple App Store. The Answering Defendants deny the remaining allegations in paragraph 76 of the FAC.

77. The Answering Defendants deny the allegations contained in paragraph 77 of the FAC.

78. The Answering Defendants deny the allegations contained in paragraph 78 of the FAC.

79. The Answering Defendants deny the allegations contained in paragraph 79 of the FAC.

80. The Answering Defendants deny the allegations contained in paragraph 80 of the FAC.

## COUNT III: DIRECT INFRINGEMENT OF THE '011 PATENT

81. Responding to paragraph 81 of the FAC, the Answering Defendants re-allege their admissions and denials of allegations to paragraphs 1-80 of the FAC as stated above.

82. The Answering Defendants deny the allegations contained in paragraph 82 of the FAC.

83. The Answering Defendants deny the allegations contained in paragraph 83 of the FAC.

84. The Answering Defendants deny the allegations contained in paragraph 84 of the FAC.

85. The Answering Defendants deny the allegations contained in paragraph 85 of the FAC.

86. The Answering Defendants deny the allegations contained in paragraph 86 of the FAC.

87. The Answering Defendants deny the allegations contained in paragraph 87 of the FAC.

COUNT IV: INDUCED INFRINGEMENT OF THE '011 PATENT

88. Responding to paragraph 88 of the FAC, the Answering Defendants re-allege their admissions and denials of allegations to paragraphs 1-87 of the FAC as stated above.

89. The Answering Defendants deny the allegations contained in paragraph 89 of the FAC.

90. The Answering Defendants deny the allegations contained in paragraph 90 of the FAC.

91. The Answering Defendants deny the allegations contained in paragraph 91 of the FAC.

92. Responding to paragraph 92 of the FAC, he Answering Defendants admit that Defendant Riser Apps provides the B-Line Browser mobile App, which is available through the Apple App Store. Except as specifically admitted, the Named Defendants deny the remaining allegations of paragraph 92 of the FAC.

93. The Answering Defendants deny the allegations contained in paragraph 93 of the FAC.

94. The Answering Defendants deny the allegations contained in paragraph 94 of the FAC.

95. The Answering Defendants deny the allegations contained in paragraph 95 of the FAC.

96. The Answering Defendants deny the allegations contained in paragraph 96 of the FAC.

COUNT V: DIRECT INFRINGEMENT OF THE '611 PATENT

97. Responding to paragraph 97 of the FAC, the Answering Defendants re-allege their admissions and denials of allegations to paragraphs 1-96 of the FAC as stated above.

98. The Answering Defendants deny the allegations contained in paragraph 98 of the FAC.

99. The Answering Defendants deny the allegations contained in paragraph 99 of the FAC.

100. The Answering Defendants deny the allegations contained in paragraph 100 of the FAC.

101. The Answering Defendants deny the allegations contained in paragraph 101 of the FAC.

### COUNT VI: DIRECT INFRINGEMENT OF THE '839 PATENT

102. Responding to paragraph 102 of the FAC, the Answering Defendants re-allege their admissions and denials of allegations to paragraphs 1-101 of the FAC as stated above.

103. The Answering Defendants deny the allegations contained in paragraph 103 of the FAC.

104. The Answering Defendants deny the allegations contained in paragraph 104 of the FAC.

105. The Answering Defendants deny the allegations contained in paragraph 105 of the FAC.

106. The Answering Defendants deny the allegations contained in paragraph 106 of the FAC.

### COUNT VII: WILLFUL INFRINGEMENT

107. Responding to paragraph 107 of the FAC, the Answering Defendants re-allege their admissions and denials of allegations to paragraphs 1-106 of the FAC as stated above.

108. Paragraph 108 accurately quotes from 35 U.S.C. § 284, the language of which speaks for itself.  Thus, no response is required.

109. Paragraph 109 accurately quotes from 35 U.S.C. § 285, the language of which speaks for itself. Thus, no response is required.

110. The Answering Defendants deny the allegations contained in paragraph 110 of the FAC.

111. The Answering Defendants admit that they have not compensated Plaintiff but the Answering Defendants deny that any such compensation is appropriate or due. Except as specifically admitted, the Answering Defendants deny the remaining allegations contained in paragraph 111 of the FAC.

112. The Answering Defendants deny the allegations contained in paragraph 112 of the FAC.

113. The Answering Defendants deny the allegations contained in paragraph 113 of the FAC.

114. Responding to paragraph 114 of the FAC, the Answering Defendants admit that WAG and the Answering Defendants are not currently competitors. The Answering Defendants also admit that WAG is not entitled to preliminary injunctive relief. The Answering Defendants deny the remaining allegations contained in paragraph 114 of the FAC.

### DEMAND FOR JURY TRIAL

This paragraph contains a legal conclusion to which no response is necessary.

### PRAYER FOR RELIEF

Defendants request judgment in their favor denying Plaintiff's claims in their entirety.

### DEFENSES

As separate and distinct defenses to the FAC and each of Plaintiff's alleged causes of action, the Answering Defendants, without conceding that they bear the burden of proof as to any defense and without in any way admitting any of the allegations of the FAC, allege the following affirmative defenses. The Answering Defendants reserve the right to amend their Answer and to raise any and all counterclaims and additional defenses that may become known during the course of this litigation.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Answering Defendants do not infringe, induce the infringement of, or contribute to the infringement of any valid claim of the patents-in-suit.

### THIRD AFFIRMATIVE DEFENSE

The patents-in-suit are invalid for failing to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, particularly 35 U.S.C. §§ 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE

The patents-in-suit do not constitute patentable subject matter and are therefore invalid under 35 U.S.C. § 101.

### FIFTH AFFIRMATIVE DEFENSE

Claims 1-18 and 23-28 of the '141 patent are unenforceable because those claims were not allowed by the United States Patent and Trademark Office during examination contain errors that are not evident from the face of the patent, and WAG failed to seek correction of those claims under 35 U.S.C. § 254.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed under Fed. R. Civ. P. 19(a) for failing to name indispensable parties to this action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused in whole or in part by conduct of one or more persons or entities not named or identified in the First Amended Complaint over which the Answering Defendants exercised no control.

## PRAYER FOR RELIEF

Wherefore, the Answering Defendants pray for relief against Plaintiff as follows:

(1) That the Court find that the Answering Defendants do not infringe, do not induce infringement, and do not contribute to the infringement of any valid claim of the patents-in-suit;

(2) That the Court find the patents-in-suit invalid under 35 U.S.C. §§ 102, 103, and/or 112;

(3) That the Court find the patents-in-suit invalid as directed to patent ineligible subject matter under 35 U.S.C. § 101;

(4) That the Court find claims 1-18 and 23-28 of the '141 patent unenforceable;

(5) That the Answering Defendants be awarded their costs of suit;

(6) That the Court declare that this is an exceptional case pursuant to 35 U.S.C. § 285;

(7) That the Answering Defendants be awarded their reasonable attorneys' fees incurred in the prosecution of this action; and

(8) That the Court award the Answering Defendants such further relief as is just and proper.

## THE ANSWERING DEFENDANTS' DEMAND FOR A JURY TRIAL

The Answering Defendants request a trial by jury, under Rule 38 of the Federal Rules of Civil Procedure, for all issues triable by right of jury.

DATED:  November 2, 2015

         KLUGER HEALEY, LLC
         /s/David A. Ward
         By:   David Ward
         Brian G. Bodine, Esq. (*Pro Hac Vice*)
         Adriane Scola, Esq. (*Pro Hac Vice*)
         LANE POWELL, PC
         *Attorneys for Defendants Accretive Technology Group,*
         *Inc., ICF Technology, Inc., and Riser Apps LLC*

## **CERTIFICATION**

  Pursuant to Local Civil Rule 11.2, Answering Defendants state that, to their knowledge, the matter in controversy in this action is not the subject of any other action in any court, or any pending arbitration or administrative proceeding.

               /s/ David A. Ward
               David A. Ward

Dated: November 2, 2015